**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bernardo GRANADO–VELASQUEZ,
Defendant–Appellant.**

No. 06–10685
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

April 17, 2007.

Denise B. Williams, U.S. Attorney's Office Northern District of Texas, Lubbock, TX, for Plaintiff–Appellee.

---

Sherylynn Ann Kime–Goodwin, Assistant Federal Public Defender, Federal Public Defender's Office Northern District of Texas, Lubbock, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM: *

Bernardo Granado–Velasquez (Granado) appeals his sentence following his guilty-plea conviction of illegally reentering the United States after having been removed, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Granado to 120 months in prison, which was well above the 46–to–57–month advisory guidelines imprisonment range calculated by the Probation Office in Granado's Presentence Report.

Granado contends that the district court (1) violated FED.R.CRIM.P. 32(h) and *Burns v. United States*, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), by failing to notify the parties that it was considering a sua sponte upward "departure" from the guidelines range and (2) failed to adhere to the methodology prescribed in U.S.S.G. § 4A1.3 for calculating the extent of such a "departure." Granado's sentence was imposed after the issuance of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the district court deemed the above-the-guidelines-range sentence a "variance" rather than a "departure." Granado's arguments are fore-

closed by *United States v. Mejia–Huerta*, 480 F.3d 713, 721–24 (5th Cir.2007).

The sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

